Floyd W. Bybee, #012651
**LAW OFFICE OF**
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85295-1103
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Phillip Skirboll, and Jerell Skirboll,** husband and wife;<br><br>    Plaintiffs,<br><br>v.<br><br>**Portfolio Recovery Associates, LLC,** a Delaware limited liability company;<br><br>    Defendant. | No.<br><br><br>    **COMPLAINT**<br><br><br><br><br><br>    (Jury Trial Demanded) |

Plaintiffs allege as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiffs bring this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"), and for state law claims for unreasonable debt collection and invasion of privacy. In the course of attempting to collect a debt allegedly owed by

1    Plaintiffs, Defendant engaged in deceptive, unfair and
2    abusive debt collection practices in violation of the
3    FDCPA, and took actions which constitute unreasonable
4    debt collection and invasion of privacy under the
5    doctrine enunciated in <u>Fernandez v. United Acceptance</u>
6    <u>Corporation</u>, 610 P.2d 461 (Ariz. App. 1980). Plaintiffs
7    seek to recover actual damages, and statutory damages,
8    punitive damages, as well as reasonable attorney's fees
9    and costs.

10              **II.   STATUTORY STRUCTURE OF FDCPA.**

11   2.   Congress passed the FDCPA to eliminate abusive debt
12        collection practices by debt collectors, to insure that
13        those debt collectors who refrain from using abusive
14        debt collection practices are not competitively
15        disadvantaged, and to promote consistent state action to
16        protect consumers against debt collection abuses. FDCPA
17        § 1692.

18   3.   The FDCPA is designed to protect consumers who have been
19        victimized by unscrupulous debt collectors regardless of
20        whether a valid debt exists.  <u>Baker v. G.C. Services</u>
21        <u>Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

22   4.   The FDCPA defines a "consumer" as any natural person
23        obligated or allegedly obligated to pay any debt.  FDCPA
24        § 1692a(3).

25   5.   The FDCPA defines "debt" as any obligation or alleged
26        obligation of a consumer to pay money arising out of a

transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6.  The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7.  Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.   JURISDICTION

8.  Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendant perpetrated therein.

### IV.   PARTIES

9.  Plaintiffs are residents of Maricopa County, Arizona.

10. Plaintiffs are allegedly obligated to pay a consumer

1    debt and are "consumers" as defined by FDCPA §1692a(3).

2    11.  Defendant  Portfolio  Recovery  Associates,  LLC  is  a

3         limited  liability  company  domiciled  in  the  State  of

4         Delaware.

5    12.  Portfolio  regularly  collects  or  attempts  to  collect

6         debts  owed  or  asserted  to  be  owed  or  due  another,  or

7         debts  which  it  has  purchased  after  default,  and  is  a

8         "debt collector" as defined by FDCPA §1692a(6).

9                    **V.   FACTUAL ALLEGATIONS**

10   13.  In  2005  Portfolio  sued  Plaintiffs  in  justice  court

11        concerning  an  alleged  credit  card  debt  originally  owed

12        to MBNA.

13   14.  In   March   2005,   Portfolio   began   placing   numerous

14        telephone  calls  to  Plaintiffs'  residence  attempting  to

15        collect  on  a  second  debt  which  was  originally  owed  to

16        First  Union  National  Bank  by  an  individual  named  "Paula

17        Skirboll."

18   15.  Portfolio,  however,  insisted  that  Plaintiffs  owed  the

19        First  Union  debt  and  attempted  to  collect  it  from  them.

20   16.  Upon   receiving   calls   from   Portfolio,   Plaintiffs

21        repeatedly  told  Portfolio  that  Paula  Skirboll  did  not

22        reside  at  their  home  and  that  they  did  not  know  anyone

23        by that name.

24   17.  During  this  period  of  time,  Portfolio  was  also  sending

25        Plaintiffs  collection  letters  concerning  the  First  Union

26        account.

18. During a hearing in the justice court action, Portfolio's attorney asked a series of questions to Plaintiff Jerell Skirboll concerning other names she had used, and her previous addresses. He also asked is she had opened an account with First Union Bank.

19. Upon information and belief, these questions concerned Portfolio's continued efforts to collect the First Union account from Plaintiffs.

20. Between March 2005 and March 2006, Portfolio continued to call the Skirboll's home concerning the First Union account.

21. One each occasion in which Plaintiffs had a conversation with Portfolio's collectors, they informed Portfolio that Paula Skirboll did not reside at their home, that they did not know a Paula Skirboll, and that they did not owe the First Union debt.

22. Plaintiffs also told Portfolio on each of these occasions to stop calling their home and harassing them over the First Union account.

23. Plaintiffs also faxed several letters to Portfolio's attorney who represented Portfolio in the justice court action requesting that Portfolio stop calling their home and harassing them.

24. During a telephone call in December 2005, Portfolio's collector told Plaintiffs that Portfolio would continue to call them and that they could not stop the calls.

25. On June 15, 2005, Portfolio's attorney sent Plaintiffs a letter confirming prior discussions wherein the attorney had instructed Plaintiffs to not contact Portfolio directly, but rather to contact it through the attorney.

26. Subsequent to receiving the attorney's letter, Plaintiffs continued to receive letters and calls from Portfolio.

27. Plaintiffs also sent letters to the attorney requesting that he contact Portfolio and instruct its collectors to stop calling and harassing them.

28. During the week of December 13, 2006, Portfolio called Plaintiffs on several occasions.

29. Again, Plaintiffs instructed the collectors to stop calling and harassing them over the First Union account.

30. On or about December 20, 2006, Portfolio sent the Plaintiffs another collection letter concerning the First Union account.

31. On March 2, 2007, Plaintiffs sent Portfolio's attorney another letter in an attempt to stop the continued harassment from Portfolio.

32. Despite Plaintiffs' request, on March 19, 2007 Portfolio telephoned Plaintiffs' home several times between 6:00 a.m. and 7:00 a.m.

33. At 7:05 a.m., Portfolio's collector, Ms. Wright, left a message stating the Plaintiffs needed to call Portfolio.

34. On March 23, 2007, Plaintiffs faxed another letter to Portfolio's attorney and requested that Portfolio stop the harassing phone calls.

35. On or about March 20, 2007, Portfolio again sent Plaintiffs a collection letter regarding the First Union account.

36. On or about April 17, 2007, Portfolio again placed repeated telephone calls to Plaintiffs' residence.

37. Since then, Portfolio has continued to telephone Plaintiffs concerning the First Union account.

38. Plaintiffs also received letters on May 24, 2007 and September 14, 2007 from Portfolio.

39. As a result of Defendant's outrageous actions as outlined above, Plaintiffs have suffered damages including, but not limited to, anger, irritability, sleeplessness, family conflict, headaches, inability to concentrate, depression, upset stomach, humiliation, embarrassment, and other severe emotional distress.

40. Defendant's actions taken here were intentional, willful, and in gross or reckless disregard of Plaintiffs' rights and part of its persistent and routine practice of debt collection.

41. In the alternative, Defendant's actions were negligent.

## VI.   CAUSES OF ACTION

### a.   Fair Debt Collection Practices Act

42. Plaintiffs repeat, reallege, and incorporate by

- 7 -

1    reference the foregoing paragraphs.

2  43.  Defendant's violations of the FDCPA include, but are not

3        necessarily limited to, 15 U.S.C. §§ 1692c(a)(1),

4        1692c(c), 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(8),

5        1692e(10), 1692f, and 1692f(1).

6  44.  As a direct result and proximate cause of Defendant's

7        actions in violation of the FDCPA, Plaintiffs have

8        suffered actual damages.

9                **b.   Invasion of Privacy**

10 45.  Plaintiffs repeat, re-allege, and incorporate by

11       reference the foregoing paragraphs.

12 46.  Defendant's actions constitute unreasonable debt

13       collection and an invasion of Plaintiffs' privacy

14       pursuant to the doctrine enunciated in <u>Fernandez v.

15       United Acceptance Corporation</u>, 610 P.2d 461 (Ariz. App.

16       1980).

17 47.  As a direct result and proximate cause of Defendant's

18       actions, Plaintiffs have suffered actual damages for

19       which Defendant is liable.

20              **VII.   DEMAND FOR JURY TRIAL**

21    Plaintiffs hereby demand a jury trial on all issues so

22 triable.

23              **VIII.   PRAYER FOR RELIEF**

24    WHEREFORE, Plaintiffs requests that judgment be entered

25 against Defendant for:

26       a)   Statutory damages of $1,000 pursuant to §1692k;

- 8 -

1   b) Actual damages in an amount to be determined by

2     trial;

3   c) Punitive damages in an amount to be determined at

4     trial;

5   d) Costs and reasonable attorney's fees pursuant to

6     §1692k; and

7   e) Such other relief as may be just and proper.

8

9   DATED   December 10, 2007  .

10

11

              s/ Floyd W. Bybee

12             Floyd W. Bybee, #012651
              **LAW OFFICE OF**

13             **FLOYD W. BYBEE, PLLC**
              2473 S. Higley Road

14             Suite 104, #308
              Gilbert, Arizona 85295-1103

15             Office: (480) 756-8822
              Fax: (480) 302-4186

16             floyd@bybeelaw.com

17             Attorney for Plaintiffs

18

19

20

21

22

23

24

25

26